**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:20-CV-80022-ROSENBERG/REINHART**

UNITED STATES OF AMERICA f/u/b/o
OFFICE GAP, INC. and OFFICE GAP, INC.,

      Plaintiff,

v.

THE CINCINNATI INSURANCE COMPANY
and J.A.M. CONSTRUCTION SERVICES, INC.,

      Defendants.

_____/

**ORDER DENYING MOTION FOR CONTINUANCE,
DISMISSING CASE FOR LACK OF PROSECUTION AND CLOSING CASE**

This cause is before the Court on Plaintiff's Motion Requesting Continuance of Trial [DE 67]. It is Plaintiff's understanding that trial in this case is scheduled for March 2021. The owner of Plaintiff states that she has been unable to retain new counsel due to the proximity of the trial date. *Id.* at 1. Plaintiff's owner states that without counsel, she will be forced to continue pro se and face challenges left by Plaintiff's prior counsel. She also states that "[t]he amount of the claim for $20,000 would not cover the expenses and legal fees for a new attorney and to prepare for trial." *Id.*

Courts generally consider four factors when determining whether a continuance is warranted:

> First, we examine the diligence of the party requesting the continuance to ready the case prior to the date set for trial. Second, we consider the likelihood that the need for a continuance could have been met if a continuance was granted. Third, we examine the extent to which granting the continuance would have been an inconvenience to the court and the opposing party. Fourth, we consider the extent to which the requesting party might have suffered harm as a result of the district court's denial of the continuance.

*Sec. and Exch. Comm'n v. Levin*, 849 F.3d 995, 1005 (11th Cir. 2017) (citations omitted).

1

As an initial matter, the Motion Requesting Continuance reflects two misunderstandings. First, the trial date in this case is no longer set for March 2021.  On December 17, 2020, the Court entered an Order terminating the status conference, calendar call and trial dates in this case due to Administrative Order 2020-76, which continued trials set to begin on or after March 30, 2020 until April 5, 2021.  The Court stated that it would reset those dates at a later time.  Second, since Plaintiff is a corporation, it cannot appear pro se and must be represented by counsel.  As discussed later, the Court repeatedly warned Plaintiff about this.

Based on the four factors above, Plaintiff has not demonstrated that a continuance is warranted.  The first factor is irrelevant, since as noted above, the Court canceled the trial date in December 2020.  The Court cannot discern whether the second factor favors Plaintiff, since Plaintiff did not state an amount of time for which trial should be continued.  The third factor falls squarely against Plaintiff, since as detailed below, the Court has granted Plaintiff more than three months to find new counsel.  During that time, Defendants have been inconvenienced in having to monitor the docket to see if the case would resume and not knowing the extent to which further preparation was necessary.  Finally, Plaintiff will not suffer harm due to the Court's denying the Motion for Continuance, since this case is dismissed for the reasons set forth below.

Separate from the Motion for Continuance, this case is dismissed for lack of prosecution.  On October 15, 2020, Plaintiff's prior counsel filed a motion to withdraw from the case.  DE 56.  On October 19, 2020, the Court entered an Order granting that motion in part and denying it in part.  DE 57.  Through that Order, the Court gave Plaintiff until November 30, 2020 to retain replacement counsel.  The Court's Order warned: "If Plaintiff fails to obtain replacement counsel by November 30, 2020, the Court may dismiss this case for lack of prosecution, since it is well settled that a corporation cannot appear *pro se* and must be represented by counsel.  *Palazzo v. Gulf Oil Corp.*,

2

764 F.2d 1381, 1385 (11th Cir. 1985)." DE 57 at 2.

On November 24, 2020, Plaintiff filed a Motion for Extension of Time to Find Counsel. DE 58. The Court granted Plaintiff's motion and extended the deadline for Plaintiff to find new counsel until December 30, 2020. DE 60. The Court again warned Plaintiff that if it failed to obtain new counsel, the Court could dismiss its case for lack of prosecution, since Plaintiff is a corporation and cannot appear pro se. *Id.*

On December 21, 2020, Plaintiff filed a second Motion for Extension of time to Find Counsel. DE 62. The Court granted Plaintiff's motion and extended the deadline for Plaintiff to find new counsel until January 28, 2020. DE 64. The Court's Order also stated: "If Plaintiff fails to obtain replacement counsel and a Notice of Appearance of Counsel has not been filed by that date, *the Court will dismiss this case*, without further notice, for lack of prosecution, since it is well settled that a corporation cannot appear pro se and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)." *Id.*

The Court has given Plaintiff ample time to find new counsel. It has repeatedly warned Plaintiff that it cannot appear pro se and must be represented by counsel. Yet Plaintiff still has not obtained new counsel, and no Notice of Appearance of Counsel has been filed as of this date.

Given the foregoing, it is **ORDERED AND ADJUDGED**:

1.    Plaintiff's Motion Requesting Continuance of Trial [DE 67] is **DENIED**;

2.    This case is **DISSMISED WITHOUT PREJUDICE FOR LACK OF PROSECUTION**;

3.    The Clerk of the Court is instructed to **CLOSE THIS CASE**;

4.    All pending motions are **DENIED AS MOOT**; and

5.      All deadlines are **TERMINATED**;

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of February, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record